**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

November 15, 2004

A. Thomas Pokela, Esq.
Counsel for Plaintiff-Debtor
Post Office Box 1102
Sioux Falls, South Dakota   57101

　　　　Subject:  *Steven L. Folk v. Hauge Associates, Willey Williams Ltd., Janelle Erickson, Daedalus, Inc., Harley Rote, Intek, KSOB Radio, Wells Fargo Bank, and World Fuel Services (In re Folk)*, Adv. No. 05-4081; Chapter 13, Bankr. No. 01-40111

Dear Mr. Pokela:

　　　The matter before the Court is Plaintiff-Debtor's Motion for Default Judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Plaintiff-Debtor's request for a default judgment will be granted in part and denied in part.

　　　*Summary*.  Steven L. Folk ("Debtor") filed a Chapter 13 petition in bankruptcy on February 7, 2001. On his mailing list of creditors, Debtor listed several creditors using their attorney's address; he did not list these creditors using their own address. Creditors - involved in this adversary proceeding - who thus did not receive direct notice of the commencement of Debtor's Chapter 13 case or of Debtor's proposed repayment plan were: Hauge Associates, Business Aviation (the "doing business as" name for Defendant Daedalus, Inc.), Janelle Erickson, Rote Heating and Plumbing, World Fuel Services, and Willey Williams Limited. Shortly after Debtor's Chapter 13 case was commenced, counsel for Willey Williams Limited Partnership and Daedalus, Inc., dba Business Aviation Services, filed notices of appearance. Business Aviation participated in the plan confirmation process early in the case. Wells Fargo Bank was active throughout the case.

　　　Proofs of claims were filed by, among others, KSOB (unsecured for $7,637.31), Wells Fargo Bank South Dakota NA (secured for $7,462.40), Business Aviation (secured for $9,354.20)and Willey

In re Folk
November 15, 2005
Page 2

Williams Limited Partnership (secured for $17,744.68 and unsecured for $50,000.00). Wells Fargo Bank was specifically treated as a secured creditor in the plan. Neither Willey Williams Limited Partnership nor Business Aviation were acknowledged as a secured creditor in the plan and, according to the Chapter 13 trustee's final report, the trustee made no payments to either on their claims.[1] Debtor's confirmed plan also provided that unsecured claims that were timely filed would receive a small dividend. According to the trustee's final report, unsecured creditors who received payments included KSOB Radio and Willey Williams Limited Partnership (on its unsecured proof of claim only). Debtor completed his plan payments, and a discharge was entered August 9, 2005.

On September 12, 2005, Debtor commenced an adversary proceeding against nine creditors.[2] He stated he had "provided addresses for various creditors through their attorneys rather than directly to the creditors" and he asked that their claims nevertheless be declared discharged and that their judgments be declared satisfied because they "interfere with the homestead exemption of Debtor." According to the certificate of service for the Notice of Commencement of Case, the Notice was in fact served on Defendants Hauge Associates, Business Aviation, Janelle Erickson, Rote Heating and Plumbing, World Fuel Services, and Willey Williams Limited through their respective attorneys only. However, contrary to Debtor's assertions, the Notice of Commencement of Case and the notice of the confirmation hearing on Debtor's plan were served directly on Defendants Intek, KSOB Radio, and Wells Fargo Bank.

---

[1] In its proof of claim, Business Aviation declared that it was secured by a judgment lien. No objection to that proof of claim was ever filed and no payments were made to Business Aviation as a unsecured creditor. In its proof for its secured claim, Willey Williams Limited Partnership said the debt was for rent and that it was secured by real property. No objection to that proof of claim was ever filed and no plan payments were made to Willey Williams Limited Partnership on this claim.

[2] In the caption of his complaint, Plaintiff-Debtor failed to list as defendants Intek, KSOB Radio, Wells Fargo Bank, and World Fuel Services though he sought relief against them in the body of the pleading.

In re Folk
November 15, 2005
Page 3

None of the defendants timely answered the complaint. Debtor sought a default judgment against each.

*Discussion.* In a Chapter 13 case, the only debts that are discharged are those "provided for by the plan." 11 U.S.C. § 1328(a). In this Circuit, for a debt to be "provided for by the plan," the particular debt must be acknowledged in the proposed plan and the creditor must have received appropriate notice of the confirmation proceedings. *United States v. Hairopoulos (In re Hairopoulos*, 118 F.3d 1240, 1241-43 (8th Cir. 1997).

> Constitutional requirements mandate notice which provides a meaningful opportunity to be heard and participate in the bankruptcy proceedings. *Hairopoulos*, 118 F.3d at 1244. In some circumstances a creditor may be discharged because it failed to properly further inquire once it has some notice of bankruptcy proceedings. Id. at 1245.

*In re Devore*, 2002 WL 970407, slip op. at 4 (Bankr. N.D. Iowa May 3, 2002).

Since the secured claim of Wells Fargo Bank and the unsecured claims of KSOB Radio and Willey Williams Limited Partnership were specifically treated by Debtor's plan, they were discharged except to the extent, of course, that Debtor may still owe post-confirmation payments to Wells Fargo on its secured claim. 11 U.S.C. §§ 1328(a)(1) and 1322(b)(5). Debtor's personal liability regarding any judgment held by these creditors has also been discharged. 11 U.S.C. § 524(a) and S.D.C.L. § 15-16-20. Plaintiff-Debtor's request for a default judgment against them will be granted to that extent.

The allowed secured claims of Business Aviation and Willey Williams Limited Partnership were not treated under the plan and were not discharged. *Harmon v. United States*, 101 F.3d 574, 582-83 (8th Cir. 1996); *FDIC v. Union Entities (In re Be-Mac Transportation Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1996)(if a secured creditor has properly filed a proof of claim, the confirmation of a plan does not extinguish the claim unless the debtor or another party in interest has placed the validity of the claim before the court). No default judgment will be entered against them.

Based on the present record, the Court further concludes that

In re Folk
November 15, 2005
Page 4


the pre-petition, unsecured claims held by Defendants Hauge Associates, Janelle Erickson, Rote Heating and Plumbing, and World Fuel Services also were not discharged in this Chapter 13 case. There is no evidence showing these creditors ever received actual notice of the case or were given the opportunity to participate in the confirmation process. No default judgment will be entered against them.

The status of the pre-petition claim held by Intek is a bit more troublesome since Intek received direct notice of the case in time to file a proof of claim but did not do so. Generally, unless the debtor's plan addresses what happens to the unsecured claims for which no proof is filed, the claim is not discharged because it was not "provided for" by the plan. See In re Duane D. Rogers, Bankr. No. 99-10071, slip op. (Bankr. D.S.D. Aug. 30, 2004). On an application for default judgment, the Court will not reach a contrary conclusion.

No default judgment will be granted as to any creditor regarding the avoidance of a lien on Debtor's homestead. If any of the several defendants holds an avoidable judgment lien that may impair Debtor's homestead exemption, Debtor can request that the lien be avoided through an appropriate motion to avoid liens under 11 U.S.C. § 522(f), Fed.Rs.Bankr.P. 4003(d) and 9014, and Local Bankr. R. 4003-2. See generally In re Dykstra, 80 B.R. 128 (Bankr. N.D. Iowa 1987)(discussion of applicability of § 522(f) in Chapter 12 and 13 cases). Debtor's present complaint does not include the requisite calculation showing how his homestead exemption is impaired.[3] Moreover, a lien avoidance procedure is separate and distinct from a determination of what debts were discharged in this Chapter 13 bankruptcy.

An appropriate order will be entered.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

**NOV 1 5 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

Sincerely,

*/s/ Irvin N. Hoyt*
Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  adversary file (docket original; serve parties in interest)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0869-4<br>Case 05-04081<br>South Dakota<br>Southern (Sioux Falls)<br>Tue Nov 15 15:54:06 CST 2005 | Daedalus, Inc., dba Business Aviation<br>3501 N. Aviation Ave.<br>Sioux Falls, SD 57104 | Erickson Janelle<br>1502 Memphis Ave., #13<br>Spirit Lake, IA 51360 |
| Folk Steven L.<br>4605 Plateau Trail<br>Sioux Falls, SD 57106 | Hauge Associates<br>PO Box 88610<br>Sioux Falls, SD 57109 | Hoyt Irvin N. |
| Intek<br>PO Box 1670<br>Sioux Falls, SD 57101 | KSOB Radio<br>3205 S. Meadow Ave.<br>Sioux Falls, SD 57106-0939 | Pokela A. Thomas<br>PO Box 1102<br>Sioux Falls, SD 57101 |
| Rote Harley<br>dba Rote Heating & Plumbing<br>1608 Cedar Lane<br>Sioux Falls, SD 57103 | Wells Fargo Bank<br>101 N. Phillips Avenue<br>Sioux Falls, SD 57117 | Willey Williams Ltd<br>c/o Don Dunham<br>230 S. Phillips Ave.<br>Sioux Falls, SD 57104 |
| World Fuel Services<br>c/o Marshall & Marshall, Inc.<br>Attn: Bob Lockridge<br>9333 Crowley Road<br>Ft. Worth, TX 76134 | End of Label Matrix<br>Total addresses 12 | |